[668 NYS2d 207]

In the Matter of CHARLES W. SULLIVAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 3, 1998

## APPEARANCES OF COUNSEL

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Sarah Diane McShea* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Charles W. Sullivan was admitted to the practice of law in New York by the First Judicial Department on February 22, 1971. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.16 (b) (1) and (c) (1), and Judiciary Law § 90 (2), holding the disciplinary complaints against respondent in abeyance and suspending respondent from the practice of law, on the ground of physical infirmity or illness, for an indefinite period and until further order of this Court.

In June 1996, a complaint was filed against respondent concerning his failure to return or account for over $1 million that he had received on behalf of several investors. In his answer, respondent asserted that he did not have an attorney-client relationship with the complainants. At his March 1997 deposition before the Committee, respondent acknowledged that he had invested the funds but was unable to repay the sum invested. Respondent was unable to continue his deposition as scheduled for medical reasons, and, after additional postponements, his doctor advised petitioner's staff counsel that, due to respondent's heart condition, it was his professional medical opinion that respondent was unable to continue the practice of law. This opinion was accompanied by details of respondent's medical history and current diagnosis and treatment.

In addition to this complaint, there was a second complaint of misappropriation of other client investment funds in the amount of $400,000, which had been withdrawn due to respondent's partial payment, but was reopened in March 1997 when respondent failed to complete payment. Petitioner has been advised in writing by counsel for those clients that respondent has now repaid the entire sum.

Respondent consents to the relief sought in the instant petition, and he has submitted an affidavit indicating that he is in the process of winding down his practice in anticipation of the Court's suspension order. The detailed information provided by his doctor, a Board-certified cardiologist, sufficiently demonstrates that respondent is incapacitated from continuing to practice law. Accordingly, the petition of the Disciplinary Committee is granted and respondent is suspended forthwith from the practice of law in the State of New York for an indefinite period until such time as he is physically able to participate in the disciplinary proceedings against him and until further order of this Court. Petitioner is directed to appoint an attorney to inventory respondent's files and take such action as is deemed necessary to protect the interests of clients, in accordance with Rules of this Court (22 NYCRR) § 603.16 (d) (1).

SULLIVAN, J. P., MILONAS, WALLACH, WILLIAMS and TOM, JJ., concur.

Petition granted, and respondent suspended forthwith from the practice of law in the State of New York for an indefinite period of time until such time as he is physically able to participate in the disciplinary proceedings against him, and until the further order of this Court. Petitioner is directed to appoint an attorney to inventory respondent's files and take such action as is deemed necessary to protect the interests of clients, in accordance with section 603.16 (d) (1) of the Rules of this Court.